Common Pleas Court of Hardin County.

SOL BORDENKIRCHER V. P. C. LINGREL, AUDITOR, ET AL.

Decided July 30, 1932.

*T. A. Conway, Henderson, Durbin & Henderson,* for plaintiff.

*Harry I. Kaylor,* for P. C. Lingrel, Auditor.

*L. B. Brown, Justin McElroy,* and *Price & Price,* for defendant Isaac McElroy.

*J. R. Stillings,* for defendant Hamilton E. Hoge.

*Cesna & Cesna,* for defendant Charles C. Stevenson.

MORROW, J. (of Hamilton County, sitting by designation).

This is a taxpayer's suit against the Auditor, Probate Judge, Common Pleas Judge and Clerk of Courts of Hardin County, Ohio.

The plaintiff states that the three officers last mentioned are drawing salaries computed upon the basis of the 1920 census of the county; that the 1930 census shows that the county has decreased in population, and asks that the said county auditor be enjoined from paying the other three officers last named more than the amount of salary computed upon the basis of the 1930 federal census.

The three officers whose salaries are in question assumed office prior to the announcement of the federal census of 1930, were paid compensation based upon the population of their county in 1920, and have continued to receive pay upon that basis.

The prime reason for the auditor's continued payments of amounts based on the 1920 census is found in Article II, Section 20, of the Constitution of Ohio, which provides:

"The General Assembly in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers, but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

In addition, there is another provision of the Constitution, which applies only to Common Pleas Judge Hoge, and is as follows: (Article IV, Section 14) —

"The judges * * * of the court of common pleas, shall, at stated times, receive for their services such compensation as may be provided by law, which shall not be diminished or increased during their term of office * * *."

This is one of those cases which seems simple at first blush but later develops several puzzling questions.

If the constitutional provisions quoted are read alone, there is no difficulty in arriving at a conclusion. The Constitution framers thereby seemed to contemplate that when a man seeks and obtains an elective office, he and his constituents know definitely the financial value of the office, and the compact between himself and themselves cannot be altered as to compensation by the legislature, unless the office itself be abolished.

The compensation these officers receive, however, in amount and by basis of computation is governed by certain sections of the Code (Section 2993 as to the Clerk of Court, Section 2992 as to the Probate Judge, Section 2252 as to the Common Pleas Judge). These sections of the statute refer to the federal census and provide generally that the number of people in the county is the criterion of the salary of the officers of that county.

The case of *Zangerle ex rel* v. *State,* 105 O. S. 650, holds that compensation referred to in Section 2252 of the General Code, is salary within the inhibition of Section 20, Article II, of the Constitution. It follows therefore that the compensation provided in Section 2993 as to the Clerk of Courts, and 2992 as to the Probate Judge, comes also within the purview of Section 20, Article II of the Constitution.

The claim of the plaintiff seems to be that statutes

2993, 2992, 2252 are consonant with Article II, Section 20, and (as to the Common Pleas Judge Article IV, Section 14), when interpreted so .as to impel an adjustment of salaries up or down if the officers term straddles a federal census year.

We do not agree. The language of both constitutional provisions is clear, and we submit a common sense construction of the statutes is more in keeping with the constitutional provisions of Section 20, Article II, and Section 14, Article IV. To hold that an officer's compensation is not diminished or increased if he is elected in the face of statutes providing that his compensation goes up or down with the federal census, is to fasten a delphic meaning upon constitutional provisions passed prior to the statutes by a constitutional convention, which must have meant what is clearly said, and could have had no advance information that the General Assembly later would provide for public officers' compensation by cycles of census decades.

Plaintiff submits that unless his interpretation is accepted, the sections referring to salaries are in conflict with Article II, Section 28 of the Constitution, because they are not then general laws of uniform operation throughout the state.

In brief, there are set forth many examples of alleged inequality, and undoubtedly in many counties in this state judges taking office in 1929, for instance, are receiving more, or less, money for the same services as are performed by judges who took office in 1931. When the judge receiving the smaller compensation ran for office, he knew what the office paid, and he now is getting that compensation, and I am not impressed by the argument that he is unjustly or unconstitutionally dealt with.

The only way the statutes in question can be squared with the clear provisions of the above quoted constitutional provisions, is to provide that officers whose terms straddle the federal census shall finish out their terms on the same basis as they were begun.

The law is of uniform operation in that all officers involved who were elected in 1928, for instance, are compensated in accordance with the 1920 census, whereas all officers throughout the state who took office in 1931, for

instance, are compensated in accordance with the 1930 census.

The cases of *Zangerle* v. *State* 105 O. S., 650, and *State ex rel* v. *Tanner*, 27 O. C. A. 385, are authority for the proposition that the constitutional provisions in question here referred to the incumbent of the office rather than the time of the incumbency of the office, and the framers of the Constitution, by their language, refer to the incumbent of the office rather than the office itself. It follows, I take it, that the salary generally of the office may be changed from time to time by the legislature, but not as to the incumbent then in office. If the legislature cannot make this latter change directly, it cannot do so indirectly by breaking the uniform continuity of an officer's term and his compensation therefor if that term happens to straddle a federal census. In this connection see *State ex rel* v. *Zangerle*, 103 O. S. 566 at 574.

The language of *Baer ex rel* v. *State*, 111 O. S. 327, *Zangerle, Auditor*, v. *State*, 105 O. S. 650, *Zangerle, et al*, v. *State ex rel Walther*, 115 O. S. 168, is such that without quotation they can be referred to here as authorities for our holding. For this reason we are disregarding the earlier case of *State ex rel Guilbert, Auditor*, v. *Yates*, 66 O. S. 546.

Furthermore, the language relied upon by counsel in the latter case appears to be *obiter* argument.

Finally, the fact that an officer elected in a certain year does not get the same compensation as one elected some other year appears an incident in the operation of a law seeking to square compensation of public officers with the population they serve. The constitutional provisions so plain in their import need not be, and cannot be, strained and twisted to cover such a situation, unimportant as it is, when compared to the high purpose and principle of the constitutional provisions involved, designed, as they are, to render free from legislative interference the salary of one elected to a public trust by the citizens of his county.

We have read the opinions of the Attorney General and the cases outside of this state concerning similar situations in other states, but do not consider it necessary to discuss these authorities.